UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANTEL EVANS | CIVIL ACTION |
| VERSUS | NO. 17-3749 |
| SOCIAL SECURITY ADMINISTRATION | SECTION "J" (3) |

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her minor child's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.   BACKGROUND

On behalf of her minor child ("claimant"), plaintiff filed an application for SSI on November 26, 2013, alleging a disability onset date of June 7, 2013. (Adm. Rec. at 122-30). Claimant alleged disability due to an enlarged kidney, speech problems, developmental delays, and asthma. (*Id.* at 143). Claimant, born on January 6, 2010, was three years old on the date on which she alleged disability and six years old at the time of the final administrative decision. (*Id.* at 122). Claimant is a preschooler. (*Id.* at 147). She has no past work experience.

Defendant initially denied claimant's application on October 10, 2014. (*Id.* at 80-91). Plaintiff sought an administrative hearing, which defendant held on July 17, 2015. (*Id.* at 43-79). Plaintiff testified at the hearing.

On March 3, 2016, the ALJ issued a decision in which he found that claimant has not been

disabled since June 30, 2013. (*Id.* at 10-28).  In the decision, the ALJ concluded that claimant has the severe impairments of phonological order, borderline intellectual functioning, attention deficit hyperactive disorder ("ADHD"), asthma, disruptive behavior disorder, and autistic spectrum disorder.  (*Id.* at 13).  The ALJ held that claimant does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.  (*Id.* at 14-15).  The ALJ found that claimant has marked limitation in attending and completing tasks, less than marked limitation in acquiring and using information, interacting and relating with others, and health and physical well-being, and no limitation in moving about and manipulating objects and caring for herself.  (*Id.* at 21-28). The ALJ thus concluded that claimant is not disabled.

Plaintiff asked the Appeals Council to review the ALJ's conclusion that claimant is not disabled.  (*Id.* at 1033-41).  On February 23, 2017, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).  If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.  *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971);

*Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).    A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.   *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.   *Carey,* 230 F.3d at 135.   Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.   *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.   *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.   ENTITLEMENT TO BENEFITS UNDER THE ACT**

The ALJ uses a three-step sequential process to determine whether an individual under the age of 18 is disabled. In this three-step process, the ALJ considers:

> 1) whether the claimant is currently engaging in substantial gainful activity, as an individual who is working and engaging in substantial gainful activity will not be found disabled, regardless of the medical findings;
> 2) whether the claimant has a "severe" impairment or a combination of impairments that is "severe"; and
> 3) whether the claimant meets or equals a listed impairment in 20 C.F.R. Part 404,

Subpart P, Appendix 1.

20 C.F.R. § 416.924(a); *Verrett v. Comm'r of Soc. Sec'y*, No. Civ. A. 99-3647, 2001 WL 179922 at *1 n.7 (E.D. La. 2001). To determine whether a minor claimant is disabled, the claimant's impairment or combination of impairments must result in marked limitations in two domains of functioning or an extreme limitation in one domain. The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objections; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

### IV.    MOTION TO SUPPLEMENT/TO REMAND

Before the Court is a motion to supplement the record [Doc. #13] filed by plaintiff.   In her motion for summary judgment, plaintiff asks the Court to remand this case to the ALJ for consideration of the new supplemental evidence.   Because these issues are inextricably intertwined, the Court will treat them together.

Plaintiff has submitted approximately 150 pages of additional evidence to this Court and asks it to supplement the record. [Doc. #13]. Generally, this Court can not consider evidence outside the transcript of the administrative record when it reviews the findings in the ALJ's decision. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . ."); *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991) ("We are constrained by the record which was available to the ALJ.").

However, this Court "may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is

4

good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." 28 U.S.C. § 405(g). To justify a remand, then, the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in a prior proceeding. *Dorsey v. Heckler*, 702 F.2d 597, 604 (5th Cir. 1983). To interpret the materiality requirement, the Fifth Circuit has held that "a remand to the Secretary is not justified if there is no reasonable possibility that it would have changed the outcome of the Secretary's determination." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). Further, "[i]mplicit in the materiality requirement . . . 'is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.'" *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985) (quoting *Szubak v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984)).

For the following reasons, the Court finds that plaintiff has failed to demonstrate that the newly-submitted evidence satisfies all three of the requirements for a sentence six remand. Sentence-six remands may be ordered in only two situations: when the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. *See* § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 and n. 2 (1991); *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). While the evidence here may be new, the Court finds that it is not material and there is no good cause for not submitting the evidence during the administrative proceedings. To be material, the additional evidence must relate to the time period for which benefits were denied. *See Johnson*, 767 F.2d at 183. Very few of the newly submitted documents are dated prior to the ALJ's decision. In addition, the Court's review of the documents reveals that they are cumulative of the evidence submitted in

5

the certified administrative transcript that the ALJ considered in making his findings. After-acquired evidence is not "new" if the information is largely cumulative and similar to prior evidence. *See Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989).

The majority of the newly-submitted evidence is dated after the ALJ's March 2016 decision. [Doc. ## 13-3, 13-4, 13-5, 13-6]. However, the mere fact that additional evidence is dated after the ALJ's decision does not automatically render the evidence irrelevant. Yet not only is the additional evidence dated after the ALJ's decision, there is no indication that the additional evidence relates back to plaintiff's condition and alleged disability during the relevant period. Additional evidence is not material when it merely reveals a later-acquired disability or subsequent deterioration of the previously non-disabling condition. *See Johnson*, 767 F.2d at 183. Moreover, there must be a reasonable possibility that the additional evidence would have changed the outcome of the ALJ's decision. *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). Plaintiff's additional evidence is irrelevant to the time period in question and therefore does not provide a basis to alter the ALJ's decision.

Finally, the Court notes that plaintiff makes no argument or provides no showing of good cause for failing to submit the additional evidence during the administrative proceedings (Pl.'s Br. at 1-13). "It is . . . the settled law of our Circuit that new evidence is not the requisite good cause for such a remand unless a proper explanation is given of why it was not submitted earlier." *Geyen v. Sec'y of Health and Human Servs.*, 850 F.2d 263, 264 (5th Cir. 1988). In any event, the Court finds that good cause does not exist in this case. The good-cause requirement is strictly construed by the Fifth Circuit. "The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement." *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). As such, the

6

Court denies the motion to supplement the record as no good cause exists for the Court to remand this case to the Commissioner to consider the additional evidence.

## V. ISSUES ON APPEAL

There are two issues on appeal, one of which the Court has already addressed: remand. The other issue is:

(1) Whether substantial evidence and relevant legal precedent support the ALJ's Step Three determination that plaintiff does not meet or equal a listed impairment.

## VI. ANALYSIS

### 1. Whether substantial evidence and relevant legal precedent support the ALJ's Step Three determination that plaintiff does not meet or equal a listed impairment.

As noted above, at the third and final step of the sequential evaluation process the ALJ determines whether a claimant meets or equals a listing. 20 C.F.R. § 416.924a. The burden is on the claimant to show that an impairment meets or equals a listing. *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016). Here, the ALJ considered listings 112.10 and 112.11 and determined that plaintiff's impairments are not so severe as to meet the requirements of those listings. (Adm. Rec. at 14-15); 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 112.10, 112.11. He also determined that claimant's impairments do not functionally equal the severity of any listing. (Adm. Rec. at 15-28).

Plaintiff argues that claimant's impairments meet the requirements of listings 112.10, 112.11, and 112.14. However, the Commissioner correctly points out that the requirements that plaintiff delineates for listings 112.10 and 112.11 are the requirements as listed in the most recent version of the Code of Federal Regulations (effective January 21, 2017). Additionally, listing 112.14, as argued by plaintiff, is a new listing, added in the most recent version of the Federal Regulations (effective January 21, 2017). The Court finds that these most recent versions of the

listings were not in effect at the time of the ALJ's March 3, 2016 decision and are therefore not applicable to the present case.

The Federal Register states:

> [W]e will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions.

*See* Revised Medical Criteria for Evaluating Mental Disorders, 81 FR 66138-01, n.1, 2016 WL 5341732 (Sept. 26, 2016). When the Appeals Council denies review, as it did here, it is well established that the ALJ's decision becomes the Commissioner's final decision for judicial review. 20 C.F.R. § 416.1484. The Appeals Council's February 23, 2017 denial rendered the ALJ's February 29, 2016 decision the final decision of the Commissioner. Consequently, the revised 112.10 listing, the revised 112.11 listing, and the new 112.14 listing, effective January 21, 2017, do not apply to the ALJ's decision with regard to claimant's disability application.

Applying the appropriate version of the listings, the Court finds that plaintiff does not and can not show that claimant meets either listing 112.10 or 112.11. Listing 112.10 provides that the required level of severity is met when both A and B are satisfied:

> A. Medically documented findings of the following:
> 1. For autistic disorder, all of the following:
> a. Qualitative deficits in the development of reciprocal social interaction; and
> b. Qualitative deficits in verbal and nonverbal communication and in imaginative activity; and
> c. Markedly restricted repertoire of activities and interests
> OR
> 2. For other pervasive developmental disorders, both of the following:
> a. Qualitative deficits in the development of reciprocal social interaction; and
> b. Qualitative deficits in verbal and nonverbal communication and in imaginative activity AND
> B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children

8

> (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraphs B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.10 (2016). Listing 112.11 provides that the required level of severity it met when A and B are satisfied:

> A. Medically documented findings of all three of the following:
> 1. Marked inattention; and
> 2. Marked impulsiveness; and
> 3. Marked hyperactivity;
> AND
> B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.11 (2016).

"For a Claimant to show that his impairment matches a listing, it must meet all of the specified criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* As the ALJ stated, the record as a whole does not support a conclusion that claimant's impairments meet the criteria of both sections A and B under listings 112.10 or 112.11. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 112.10, 112.11 (2016). Plaintiff does not claim, or demonstrate, that claimant also has a marked limitation in at least two of the criteria under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.02(B)(2).

The ALJ further determined that claimant's impairments do not rise to the level of severity to functionally equal the requirements of any listing. (Adm. Rec. at 15-28). To be found disabled as a result of "functional equivalence," a claimant's impairments must be of listing-level severity, meaning the impairments must result in at least two areas of "marked" limitation or at least one area of "extreme" limitation of functioning. 20 C.F.R. § 416.3926a(a). To establish functional equivalence, a claimant "must present findings equal in severity to all the criteria for the one most

9

similarly listed impairment." *Sullivan*, 493 U.S. at 531. The Court finds that the ALJ properly evaluated claimant's disability claim considering the following six domains of functioning, which the Court will consider in turn.

### i. Acquiring and Using Information

In the domain of acquiring and using information, the ALJ determined that claimant has a less than marked limitation. (Adm. Rec. at 21-23). To support his finding, the ALJ considered plaintiff's testimony at the administrative hearing and the opinions from claimant's teacher and state agency reviewing physicians. (*Id.* at 17-23).

Plaintiff testified that claimant's speech therapy "helped the claimant tremendously." (*Id.* at 59). Claimant's prekindergarten special education teacher, Danica Burt, completed a teacher questionnaire in which she opined that claimant does not have limitations in her ability to acquire and use information. (*Id.* at 18, 22, 231). Burt opined that claimant "belong[s] in the regular education classroom with her typical developing peers," and she is working at or above grade level in reading, math, and written language. (*Id.* at 17, 18, 22-23, 231). State agency physician Billy McKellar, M.D. and state agency psychologist, Charlotte Ducote, Ph.D. reviewed the record and opined that claimant has less than marked limitation in this domain. (*Id.* at 18, 87). A marked limitation can be identified when there is no meaningful function in a given area. No such limitation exists here as the evidence reveals that claimant remains able to comprehend instructions, understand vocabulary, participate in class discussions, express ideas in written form, and learn new material. (*Id.* at 231).

### ii. Attending and Completing Tasks

In the domain of attending and completing tasks, the ALJ found that claimant has a marked

limitation. (*Id.* at 23-24). Burt opined that claimant has only a slight problem in her ability to wait and take turns. (*Id.* at 23, 232). Otherwise, Burt noted that claimant is a "very bright, caring, loving, and smart child." (*Id.* at 232). During a classroom observation, claimant was off task at times. (*Id.* at 24, 265). A psychological evaluation revealed that due to claimant's history of ADHD, she requires significantly more exposure to and practice with new concepts and will require plenty of structure and redirection. (*Id.* at 18, 288). The ALJ's findings are also consistent with the opinions of McKellar and Ducote in which they state that claimant has a marked limitation in this domain. (*Id.* at 23-22, 87).

### iii. Interacting and Relating with others

In the domain of interacting and relating with others, the ALJ determined that claimant has a less than marked limitation. (*Id.* at 24-25). Burt noted that claimant has only a slight problem with seeking attention appropriately, expressing anger appropriately, and respecting/obeying adults in authority. (*Id.* at 25, 233). She also described a sticker reward system in which claimant receives a sticker when she is respectful and responsible, and once she received a set amount of stickers, claimant receives a treat. (*Id.* at 25, 233). Within three months of the sticker system claimant had learned the lesson, and Burt was able to discontinue the sticker system. (*Id.* at 25, 233). During classroom observation, claimant made good eye contact, engaged without difficulty, and responded verbally to questions asked. (*Id.* at 25, 288). McKellar and Ductoe also found that claimant has a less than marked limitation in this domain. (*Id.* at 18, 87). The evidence to which the ALJ cited demonstrates that claimant does not have any limitation in this domain that interferes with claimant's day-to-day functioning or that seriously interferes with her ability to independently initiate, sustain, or complete activities as is required to result in a marked limitation. 20 C.F.R. §

416.926a(e)(2).

### iv. Moving About and Manipulating Objects

In the domain of moving about and manipulating objects, the ALJ determined that claimant does not have a limitation. (Adm. Rec. at 25-26). During a visit to Mercy Family Center, plaintiff reported that claimant can dress herself and is learning to eat with utensils. (*Id.* at 26, 184). Burt reported that claimant does not exhibit limitations in this domain and functions as a typical developing child. (*Id.* at 26, 235). The ALJ also noted that a school observation of claimant showed that she is able to eat her lunch without sensory issues. (*Id.* at 26, 288). Further observation found that claimant shows normal vision, hearing, sensory processing, and motor skills. (*Id.* at 26, 262). Additionally, Burt reported that claimant does not have problems with moving objects. (*Id.* at 26, 265). Plaintiff does not demonstrate that claimant has a marked or extreme limitation here. The Court finds that substantial evidence supports the ALJ's finding that claimant does not have a limitation in the domain of moving about and manipulating objects. (*Id.* at 25-26). Indeed, the ALJ gave great weight to McKellar and Ducote who also opined that claimant does not have a limitation in this domain. (*Id.* at 18, 26, 87).

### v. Caring for Yourself

In the domain of caring for yourself, the ALJ determined that claimant does not have a limitation. (*Id.* at 26-27). Again, the ALJ relied on McKellar's and Ducote's opinions that claimant does not have a limitation in this domain, and the ALJ gave these opinions significant weight. (*Id.* at 27, 88). Burt noted claimant's frustrations in the classroom when being patient when necessary and knowing when to ask for help. (*Id.* at 27, 236). She suggested that this was typical of a developing child and found it appropriate for claimant's age. (*Id.* at 236). In an Individualized

12

Education Program ("IEP") consideration, the team noted that claimant's "self-care tasks are age appropriate." (*Id.* at 389). Plaintiff does not present evidence to demonstrate that claimant has a marked or extreme limitation in this domain. What evidence is available concerning claimant's ability to care for herself supports the ALJ's determination that claimant is not limited in this domain. (*Id.* at 26-27).

### vi. Health and Physical Well-Being

In the domain of health and physical well-being, the ALJ determined that claimant has a less than marked limitation. (*Id.* at 27-28). Although claimant has asthma and a history of kidney injury, the evidence does not exhibit any serious problems with claimant's health, nor does it manifest in any problems during the school year. (*Id.* at 28). In 2014, Diego Aviles, M.D. provided a statement concerning claimant's kidney function. (*Id.* at 19, 513). Aviles stated that claimant "is now thriving and is not having any significant complications" after her acute kidney injury. (*Id.* at 19, 513). The ALJ noted that while claimant seems to have recovered from her injury, "this information does bear on claimant's functional abilities of health and well-being." (*Id.* at 19, 27-28). The Court finds that the ALJ properly found that claimant has a less than marked limitation in this domain. (*Id.* at 19, 27-28).

Lastly, the Court notes that plaintiff fails to address whether claimant's impairments functionally equal the severity of a listed impairment. Unfortunately, and as noted above, plaintiff focuses her argument on an attempt to prove that claimant's impairments meet the requirements of listings which were not in effect or applicable to the present case as discussed above. Moreover, much of the evidence cited by plaintiff is the additional evidence submitted for the first time to this Court and, as discussed above, is not relevant to the time period at issue.

The ALJ discussed applicable record evidence from claimant's teacher, other school officials, and state agency physicians. (*Id.* 15-28). Accordingly, substantial evidence supports the ALJ's finding that claimant's impairments do not functionally equal the severity of a listed impairment. (*Id.* at 15). Even were the Court to determine that the evidence cited by plaintiff weighs in claimant's favor, the law is clear that this Court must still affirm the Commissioner's findings if there is substantial evidence – as there is here – to support the ALJ's findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). This Court can not re-weigh the evidence but only review it to determine whether substantial evidence supports the ALJ's conclusions.  The Court finds so here.

## VII. CONCLUSION

Accordingly, for the reasons outlined above,

**IT IS RECOMMENDED** that the Motion for Leave to Supplement the Record [Doc. #13] be DENIED.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 31st day of January, 2018.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**